## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CR-22-O0209-JD** |
| | ) | |
| **JAMES "JIMMY" DYER,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT JIMMY DYER'S OBJECTION TO GOVERNMENT'S MOTION FOR LEAVE TO FILE REPLY [DOC. 263]

**COMES NOW,** the Defendant, by and through his counsel of record,

does hereby file this limited objection to the Government's motion for leave to

file a reply [Doc. 263]. As to a "reply," there is no objection to the

"Government" itself filing a reply, but counsel for the Government who

personally filed for leave to submit a reply is severely conflicted, has now

made herself a witness in this matter, lost objectivity, and abandoned her

special duty as a prosecutor. There is no objection to Government co-counsel

proceeding with filing a reply, but current counsel can no longer be allowed to

participate due to her own actions.

1. Above all, this objection is not at the direction of Mr. Jimmy Dyer. Mr.

   Jimmy Dyer has only sought consideration of what he actually did, and

the application of the sentencing factors under law that clearly support a sentence of probation in a binding 0-18 sentencing range.

2. This objection, greatly overdue and delayed due to hope for change, arises from the undersigned's mandatory professional obligations to this Court as a duty of candor,[1] his obligation to his client, to ensure due process, and to protect the integrity of the process.

3. To be blunt, AUSA Julia Barry has continually placed herself unnecessarily into predicaments throughout the course of this case in which she has, by her own doing, has made herself witness and can no longer ethically proceed as counsel. *See* 5 O.S. § Rule 3.7, Oklahoma Rules of Professional Conduct.[2]

4. Any Government "reply" should only come from other government co-counsel. Co-counsel in this matter is both experienced and highly respected throughout the defense bar and widely regarded as fair, but

---

[1] Rule 3.3 mandates AUSA Barry's duties of candor to the Court and includes the obvious prohibition from making misleading statements to the Court, and prohibited from failing to correct false statements to the Court, or offering evidence that the lawyer knows to be false.

[2] Rule 3.7 does not automatically render a lawyer incompetent to testify; however, the role of advocate and witness should be kept separate, and an advocate should not be allowed to testify except under circumstances of the utmost necessity. *See*, *Crussel v. Kirk*, 1995 OK 41, P 11, 894 P.2d 116; *Boyd v. State*, 1992 OK CR 40, 839 P.2d 1363, 1369 - 70.

firm, and who is, appropriately in the spirit of the Department of Justice's motto of *Qui Pro Domina Justitia Sequitur*.

5. It is evident, and as an anticipated future hearing (on a now necessary motion for recusal) will make clear on the record, that AUSA Barry has abandoned any objectivity in this case.

   a. The record has now shown, AUSA Barry has not been transparent to either this Court, U.S. Probation, or the defendants in the withholding of evidence.

   b. AUSA Barry's own actions throughout the course of this case have demonstrated she has compromised herself.

   c. Any recommendation as to any sentence, whether to Jimmy Dyer, Justin Biggs, Mitchell Coatney, or Blaine Dyer, should not be made by AUSA Barry as it neither based on the actual evidence or by the law. Any arguments by AUSA Barry, in light of the multitude of issues, must be disregarded.

6. As previously demonstrated, AUSA Barry has made more than one misrepresentation to this Court that has been intentionally, or at a minimum recklessly, attempting to create a narrative that is not supported by her own discovery. *See* e.g., Doc. 250, p. 1 (statement in Government's sentencing memorandum) *comparing* Doc. 262, Attachment 2 (transcript of AUSA Barry's interview of Justin Biggs).

7. A plain reading of the Mr. Jimmy Dyer's PSR, which should have consistent information as to all of the defendants (Justin Biggs, Blaine Dyer, and Mitchell Coatney) clearly reflects a withholding of evidence/discovery to the PSR writer, and now this Court.

8. It should also be noted that AUSA Barry will be called as a witness should the Government attempt to dispute her conflict and loss of objectiveness as a record will need to be made.

9. As the Court will note, the contrast between the tone of the respective sentencing memorandums from Jimmy Dyer and that of the Government reflect the diverse approach toward sentencing.

   a. Mr. Jimmy Dyer's sentencing memorandum focuses on himself, his significant medical issues, the applicable statutory sentencing law, case law, and the advisory sentencing guidelines.

   b. AUSA Barry's sentencing memorandum makes no reference to a single sentencing factor, but now appears to make this surprisingly personal, misstates and/or greatly exaggerates the facts, and oddly complains after-the-fact about having to respond to motions and not attempting to resolve this matter until after the jury was selected. What AUSA Barry fails to acknowledge is the progression of this case was her own doing.

c.  AUSA Barry's aggressive stance at sentencing (after once offering probation or a "consideration of standing silent") conflicts with her desire to avoid a jury trial in exchange for binding plea.

10.  The binding plea agreement was made in good faith by Mr. Jimmy Dyer, but in light of prior and subsequent statements made by AUSA Barry as to her "position" at sentencing, as well as her misrepresentations throughout this case, demonstrates she has clearly not dealt in good faith or with clean hands.

## CONCLUSION

Any "reply" by the Government is not objected to, but any reply that involves AUSA Julia Barry should not be allowed, considered, or given any weight in light of her continued misrepresentations to this Court and to Counsel.

Respectfully Submitted,

*s/Robert Don Gifford, II*
ROBERT DON GIFFORD, II (OBA NO. 17034)
**GIFFORD LAW, PLLC**
P.O. Box 2682
Oklahoma City, Oklahoma 73101
T: 405.778.4647 | F:    877.295.0287
Robert.Gifford@GiffordLawyer.com

**ATTORNEY FOR JAMES "JIMMY" DYER**

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to the ECF registrants of record.

*s/Robert Don Gifford, II*
ROBERT DON GIFFORD, II