IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | )   No. **CR-22-209-JD** |
| | ) |
| BLAINE DYER, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' MOTION FOR
A PRELIMINARY ORDER OF FORFEITURE AND
IMPOSITION OF A PERSONAL MONEY JUDGMENT**

The United States of America respectfully submits its Motion for Preliminary Order of Forfeiture and Imposition of a Personal Money Judgment to be entered in the above-entitled case for the reasons set forth below:

1. On February 17, 2023, Defendant Blaine Dyer pled guilty to Count 1 of the Superseding Information filed February 17, 2023. In relation to the count, the United States gave notice in the Superseding Information that, in the event of his conviction, Mr. Dyer would be required to forfeit to the United States "any and all property constituting or derived from proceeds obtained directly or indirectly as a result of the said offense, including but not limited to a personal money judgment in the amount of the proceeds obtained as a result of the offense."

2. In his Plea Agreement [Doc. No. 202, at 10], Blaine Dyer agreed to a personal forfeiture money judgment in an amount equal to the proceeds obtained as a result of the offense.

3.     Based upon the plea agreement, the United States has established the requisite nexus between the money judgment and the offense for which the Blaine Dyer has pleaded guilty; therefore, the United States is entitled to a preliminary order of forfeiture, subject to the provisions of 21 U.S.C. § 853 governing third party rights.

4.     The Court's jurisdiction in this matter is founded upon Title 21, United States Code, Section 853(l), which provides that "[t]he district courts of the United States shall have jurisdiction to enter orders as provided in this section without regard to the location of any property which may be subject to forfeiture under this section or which has been ordered forfeited under this section."

5.     Federal Rule of Criminal Procedure 32.2 provides, in pertinent part, that:

> (b)(1)(A) As soon as practical after a verdict or finding of guilty, or after a plea of guilty or nolo contendere is accepted, on any count in an indictment or information regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute. If the government seeks forfeiture of specific property, the court must determine whether the government has established the requisite nexus between the property and the offense. If the government seeks a personal money judgment, the court must determine the amount of money that the defendant will be ordered to pay.
>
> (b)(1)(B) The court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable. If the forfeiture is contested, on either party's request the court must conduct a hearing after the verdict or finding of guilty.
>
> (b)(2)(A) If the court finds that the property is subject to forfeiture, it must promptly enter a preliminary order of forfeiture setting forth the amount of

any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria. The court must enter the order without regard to any third party's interest in the property. Determining whether a third party has such an interest must be deferred until any third party files a claim in an ancillary proceeding under Rule 32.2(c).

(b)(2)(B) Unless doing so is impractical, the court must enter the preliminary order sufficiently in advance of sentencing to allow the parties to suggest revisions or modifications before the order becomes final as to the defendant under Rule 32.2(b)(4).

(b)(2)(C) If, before sentencing, the court cannot identify all the specific property subject to forfeiture or calculate the total amount of the money judgment, the court may enter a forfeiture order that:

>  (i) lists any identified property;
>
>  (ii) describes other property in general terms; and
>
>  (iii) states that the order will be amended under Rule 32.2(e)(1) when additional specific property is identified or the amount of the money judgment has been calculated.

(b)(3) The entry of a preliminary order of forfeiture authorizes the Attorney General (or a designee) to seize the specific property subject to forfeiture; to conduct any discovery the court considers proper in identifying, locating, or disposing of the property; and to commence proceedings that comply with any statutes governing third-party rights. The court may include in the order of forfeiture conditions reasonably necessary to preserve the property's value pending any appeal.

6. Accordingly, the United States seeks the entry of a Preliminary Order of Forfeiture consisting of a personal money judgment against Blaine Dyer in an amount to be determined by the Court at sentencing.

7. The Government is submitting a proposed Preliminary Order of Forfeiture to the Court as to Blaine Dyer, which imposes at this time an unspecified money judgment ("general order") pursuant to Rule 32.2(b)(2)(C).  Therefore, a Preliminary Order of Forfeiture ordering a forfeiture money judgment should be entered now and amended when the Court determines the actual amount of the money judgment that should be entered against Mr. Dyer at sentencing based on the Court's determination of his relevant conduct.

8. The Preliminary Order of Forfeiture, once it is amended, shall become the Final Order of Forfeiture at sentencing, as provided by Fed. R. Crim. P. 32.2(b)(4), and (c)(1) and (2), because the forfeiture consists entirely of a money judgment and no ancillary proceeding is required.  Since the Government seeks only the forfeiture in the form of a money judgment and not of specific property, the Government will not publish notice of the order granting the money judgment.[1]

9. In accordance with the provisions of Rule 32.2, the Government requests that it be permitted to undertake whatever discovery necessary to identify, locate, or dispose of the property subject to forfeiture or substitute assets for such property, and that this

---

[1] Rule 32.2(6)(A) states that, if the court orders the forfeiture of specific property, the Government must publish notice of the order and send notice.  A money judgment is not specific property.

preliminary order of forfeiture become final as to this Defendant a sentencing. *United States v. St. Pierre*, 809 F. Supp. 2d 538, 547 (E.D. La. 2011) (providing that the preliminary order of forfeiture will become final as to the Defendant at sentencing pursuant to Rule 32.2(b)(4)).

Based upon the Plea Agreement, the United States respectfully requests this Court enter the proposed Preliminary Order of Forfeiture in the form of a forfeiture money judgment, against Defendant Blaine Dyer. The United States further requests that it be allowed to conduct discovery pursuant to Rule 32.2.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ *Julia E. Barry*
Julia E. Barry
Assistant U.S. Attorney
210 W. Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
Office: (405) 553-8700
jbarry2@usa.doj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 30, 2024, I electronically filed the foregoing Motion for a Preliminary Order of Forfeiture and Imposition of Forfeiture Money Judgment of the United States with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

      I hereby certify that on May 30, 2024, I served the attached document by certified mail and/or by personal service by the U.S. Marshals Service on the following, who are not registered participants of the ECF System:

Blaine Dyer, Defendant

                                                         s/ *Julia E. Barry*
                                                         Assistant U.S. Attorney