IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JAMES "JIMMY" DYER,<br><br>Defendant. | Case No. CR-22-0209-JD |

## NOTICE AND ADVISEMENT TO THE COURT REGARDING NOTIFICATION TO THE GOVERNMENT OF POTENTIAL RULE 35 CORRECTION AS TO THE SENTENCE OF JAMES "JIMMY" DYER

**COMES NOW,** the Defendant, **JAMES "JIMMY" DYER**, by and through his counsel of record, does hereby submit this advisement to the Court regarding notification of a potential Rule 35 issue in correcting the record as to the sentence and possibly supplement the record as to restitution to avoid any future confusion in collection.[1]

---

[1] At the time of this writing, the court minutes, Judgment, and "Statement of Reasons" remain pending. The undersigned has not been able to obtain a transcript yet, thus any statements made from the hearing are solely based off of the undersigned's notes, the good faith belief and recollection, and conversations this morning with both the PSR writer and government. A transcript is anticipated to be obtained by both parties.

1

1. <u>Summary of Issue(s)</u>: There appear to be at least two issues that may call for correction or clarification.

    a. Assuming the Court "accepted" the 11(c)(1)(c) plea agreement of 0-18 months, the Court's finding that Mr. Dyer's background and medical issues were grounds for a downward variance from the sentencing range, the record on its face may appear that Mr. Dyer was facing a range of 0-18 months under the accepted and binding plea agreement, but never received proper sentence adjustment from such downward variance awarded as Mr. Dyer was given the top of that agreed upon sentencing range.

    b. While the undersigned, prior to the hearing and outside the record, discussed how to handle the restitution issue of no payment schedule and interest being waived, the Government did state they believed there to would need to be a determination on the exact value of oil and gas "assignments" surrendered to the victim.

        i. The undersigned believes that the prior agreements with the victim are sufficient, but should probably be included in the record now should there be a question later by either the Clerk's Office, U.S. Probation, or the "FLU"

       unit from the U.S. Attorney's Office. *See* Attachment One (to be filed under seal).

  ii. To address the Government's concern on valuation, the good faith belief from research on the interests is also attached. *See* Attachment Two (to be filed under seal).

  iii. Both attachments, as referenced during sentencing, were included in Mr. Dyer's seeking of additional consideration of post-plea "acceptance" for justification of a sentence of probation. *Id.*; *see also* Doc. 256, p. 3 ("Exceptional Acceptance of Responsibility/Cooperation").[2]

2. On May 30, 2024, the Court conducted a sentencing hearing for James "Jimmy" Dyer, after entering a guilty plea pursuant to a "binding" plea agreement (a "C Plea") under Rule 11(c)(1)(c). [Doc. 193].

3. The plea agreement provided for a stipulated sentencing range of 0-18 months. *Id.*, ¶13.

4. The Plea Agreement [Doc. 193] further stated that Mr. Dyer should receive downward adjustments for acceptance of responsibility. *Id.* at

---

[2] Under the binding plea agreement, Mr. Dyer's worst sentence was 18 months. The post-plea and voluntary cooperation and surrender of assignments with the victim were not required and were given at great expense. Those efforts appear to have been for naught.

p. 7. The Court did note that on the record and stated it would apply those downward adjustments.

5. In addition, the binding plea agreement allowed for both parties "to advocate for, and present evidence relevant to, other Guideline adjustments and sentencing factors for consideration by … the Court." *Id*. at p. 7. Mr. Dyer did so both during the hearing, and in a previously filed Sentencing Memorandum in which both guideline departures and variances were requested from the stipulated sentencing range of 0-18 months. [Doc. 56].

6. The Court did inquire of both Counsel for the Government and the Defense to provided reasons for why the Court should accept the binding plea agreement, and both sides provided a litany of reasons.

7. The undersigned is unsure, without the ability to review a transcript immediately, whether the Court formally announced it was accepting the binding plea agreement but is operating under the belief (and in discussing with the government) that such announcement was made on the record on the record.

8. If the undersigned is incorrect and such announcement was not made on the record, it would then appear based from the Court's statements on the record, the 18-month-sentence determination was arrived at

from the Court's findings supporting a "downward variance" from the PSR's guideline range of 46-57 months [Doc. 281, ¶82].

    a. If the 18-month sentence did not derive from the binding plea agreement, Mr. Dyer should have had to been informed the Court was rejecting the plea agreement and allow for Mr. Dyer the opportunity to withdraw his plea. *See* Rule 11(c)(5).

    b. While the undersigned cannot recall the announcement on the record of the acceptance of the 11(c)(1)(c) plea agreement, it is operating from it was as accepted and announced on the record.

9. The undersigned has notified the Government of this concern, and such correction may otherwise be accomplished by a Rule 35 motion by the Government.

Dated:    May 31, 2024    Respectfully submitted,

*/S/Robert Don Gifford, II*
ROBERT D. GIFFORD, II OBA #17034
**Gifford Law, P.L.L.C.**
P.O. Box 2682
Oklahoma City, OK  73101-2682
T:  405.778-4647 | F:  877.295.0287
E:  Robert.Gifford@GiffordLawyer.com

**ATTORNEY FOR JIMMY DYER**

## **Certificate of Service**

This is to certify that on May 31, 2024, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a notice of electronic filing to counsel of record.