## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. CR-22-209-JD |
| BLAINE DYER, | ) ) ) |
| Defendant. | ) ) |

### DEFENDANT BLAINE DYER'S MOTION TO EXTEND REPORTING DATE TO BOP FACILITY

**COMES NOW** Defendant, Blaine Dyer by and through his undersigned counsel L. Justin Lowe of Justin Lowe & Associates, and requests the court extend the date by which Mr. Dyer must report to his designated BOP facility by 60 days or until September 1, 2024. In support of this Motion, Mr. Dyer respectfully shows the Court the following:

1. On May 30, 2024, the Court conducted a sentencing hearing herein. At the conclusion of the sentencing hearing, the Court sentenced Mr. Dyer to the custody of the Bureau of Prisons for 60 months. The Court ordered Mr. Dyer to report to the facility designated by the Bureau of Prisons by 12:00 pm on Monday, July 1, 2024.

2. As of the date of filing this motion, the Bureau of Prisons has designated FPC Montgomery, Alabama as the facility for service of Mr. Dyer's sentence. Mr. Dyer respectfully requests the Court extend his report date by 60 days due to the following circumstances. Mr. Dyer was unaware of the sentence he would be facing until the

1

day of sentencing due to the damage's calculation playing such a significant factor into his possible sentence guideline range, which was unknown until the same day as the Sentencing Hearing. Mr. Dyer owns and operates multiple businesses, employs multiple people and is the sole financial provider for his family of five. Mr. Dyer will be leaving his wife, Ashley Dyer, in charge of continuing his operations, paying his employees and taking over the businesses and household financial responsibilities. However, as you are aware, Mrs. Dyer's father was the victim of a head on collision at over 90 mph last month just prior to Mr. Dyer's Sentencing Date due to a high-speed police pursuit wherein the fugitive fleeing the law crossed the center line of a two-lane highway and struck her father head on while he was minutes away from his house heading to Lowes for some home improvement supplies. Further complicating the matter, Saint John's Hospital in Tulsa, Oklahoma, which would have been the nearest Trauma Unit to treat him, was the victim of a computer hack that very same week and as a result was unable to receive patients in their Trauma Facility. For this reason, Mrs. Dyer's father was life flighted from the scene to the next nearest Level One Trauma Facility in Springfield, MO, which is over a 5-hour drive from Oklahoma City. Ashley Dyer is the oldest child of her father and has a pre-med degree from the University of Tulsa, so she was chosen as the best person to communicate and make the critical decisions affecting her father's life with the numerous surgical teams, doctors and nurses

caring for her father. This has required Mrs. Dyer to spend a significant amount of time in Springfield, MO, as day trips are not feasible due to the distance which would have otherwise been possible had her father been taken to Saint Johns in Tulsa. For this reason, not only has Ashley been away from the household for a majority of the past month, leaving Mr. Dyer as the sole caretaker of the children, it has significantly impacted Mr. Dyer's ability to get his financial affairs in order and instruct Mrs. Dyer on all of duties she will be taking over. On a positive note, Mrs. Dyer's father is still fighting for his life and although he will be hospitalized for a minimum of 9-12 months, the Doctor's are optimistic that he will survive and hopefully be able to walk and communicate again someday. Most of the major surgeries are nearing completion and Mrs. Dyer hopes to soon be able to attempt to focus on learning the financial responsibilities needed to take care of Mr. Dyer's businesses and their household thereafter. But as of today, Mrs. Dyer's focus has been on working to keep her father alive, while also dealing with his ancillary affairs.

3. At the time of sentencing, the court allowed Mr. Dyer to remain on release conditions while awaiting his self-report date. At that time, the Court added the condition of two weekly mental health examinations with Mr. Dyer's probation officer, which he has been doing as instructed without issue. Mr. Dyer has been compliant with all release conditions throughout the duration of this case.

4. Counsel for the Defendant has conferred with Julia E. Barry, Assistant U.S. Attorney, and she does not agree to this Motion.

5. Defendant's counsel makes this request in good faith and not for the purpose of delay. These are extenuating circumstances that are out of the control of the Defendant.

**WHEREFORE,** Defendant Blaine M. Dyer respectfully requests his reporting date to his designated Bureau of Prisons Facility be extended by sixty (60) days or any extra time the Court is willing to welcome under these extraordinary circumstances.

DATED this 17th day of June, 2024.

Respectfully submitted,

*s/L. Justin Lowe*
L. Justin Lowe, OBA# 18958
Justin Lowe & Associates
7320 N. Classen Blvd.
Oklahoma City, Oklahoma 73116
Telephone: (405) 848-7777
Facsimile: (405) 832-0571
E-mail: justin@justinlowepc.com
***Attorney for Defendant Blaine Dyer***

## CERTIFICATE OF SERVICE

This shall certify that on this 17th day of June, 2024, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of Notice of Electronic Filing to all ECF registrants appearing in this case, no non ECF parties are known at this time.

*s/ L. Justin Lowe*
L. Justin Lowe

4